12-2980-cr
United States v. Cruz-Castillo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
               AMALYA L. KEARSE,
               RICHARD C. WESLEY,
                       *Circuit Judges.*

_____

UNITED STATES OF AMERICA

                       *Appellee*,


                       - v -                                    No. 12-2980-cr

NOLAN CRUZ-CASTILLO, AKA Nolan Curz-Castillo,

                       *Defendant-Appellant.*

_____

For Appellee:                    Harris M. Fischman and Michael A. Levy, Assistant United
                                       States Attorneys, *for* Preet Bharara, United States Attorney for
                                       the Southern District of New York, New York, NY

For Defendant-Appellant:    Marsha R. Taubenhaus, Law Offices of Marsha R.
                                       Taubenhaus, New York, NY

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Nolan Cruz-Castillo appeals from a July 11, 2012 judgment of conviction entered in the United States District Court for the Southern District of New York (Crotty, *J.*) following a plea of guilty. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, Cruz-Castillo appeals from the district court's denial of his motion to withdraw his guilty plea. He claims that his motion should have been granted, asserting that he did not understand the plea agreement, which he alleges was not properly translated into Spanish, and because he could not easily communicate with his attorney, who he alleges was not fluent in Spanish. But Cruz-Castillo's allegations in the motion to withdraw and on appeal "merely contradict the record." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)). At his plea allocution, Cruz-Castillo confirmed while under oath that he had reviewed his plea agreement with his attorney and that he was satisfied with his attorney's advice and representation. "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [a] guilty plea." *Id.* We conclude that the district court did not abuse its discretion in denying Cruz-Castillo's motion to withdraw his plea.

Next, Cruz-Castillo appeals from the district court's imposition of a sentence of 99 months of imprisonment, arguing that the sentence was unreasonable. However, in his plea agreement Cruz-Castillo agreed not to appeal from "any sentence within or below the Stipulated

Guidelines Range of 87 to 108 months' imprisonment." J.A. at 23. This waiver covers the sentence that was imposed by the district court.

Cruz-Castillo contends that he is not bound by the appeal waiver because the government breached the plea agreement when it advocated against the application of an acceptance-of-responsibility adjustment. We disagree. The agreement states that "[n]othing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility . . . if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence." J.A. at 23. The government reasonably determined that Cruz-Castillo had failed to demonstrate acceptance of responsibility to the government's satisfaction because Cruz-Castillo had filed a motion to withdraw his guilty plea in which, at the least, he "maintain[ed] his innocence to some degree." J.A. at 44. The government was therefore entitled to advocate against a finding that Cruz-Castillo had accepted responsibility, and in doing so it did not breach the plea agreement. Consequently, the appeal waiver within that agreement bars Cruz-Castillo's sentencing appeal. We will enforce that waiver here and decline to consider his sentencing challenges. *See United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.").

We have considered Cruz-Castillo's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3